IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maham Ahmed | ) |
| | ) 1:10-cv-1938 |
| v. | ) |
| | ) |
| OXFORD COLLECTION AGENCY, INC. d/b/a | ) |
| OXFORD MANAGEMENT SOLUTIONS. | ) Jury Demanded |
|    Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT - CLASS ACTION**

1. Plaintiff Maham Ahmed brings this action to secure redress for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The FDCPA claim is brought on behalf of a class.

2. The defendant debt collection agency called plaintiff using an autodialer and prerecorded message on plaintiff's cell phone when it did not have plaintiff's consent to do so. Further, defendant's prerecorded message system did not have an operator available to speak with plaintiff for some autodialed/prerecorded calls that plaintiff answered, and left plaintiff with a message to call Oxford back.

3. It is a violation of the TCPA, 47 U.S.C. §227(b), to use an autodialer and/or prerecorded message to call a person's cell phone. It is unfair, harassing and otherwise unconscionable for a debt collector to initiate a call to a consumer with an autodialer and prerecorded message that instructs the debtor to wait to speak with an operator, when no operator is or becomes available.

1

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction over the FDCPA and TCPA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

5. Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

6. Maham Ahmed is an individual who resides in this district.

7. Oxford Collection Agency, Inc. d/b/a Oxford Management Services ("Oxford") is a New York Corporation with its headquarters in Melville, New York. It is a debt collector under the FDCPA.

**FACTS**

8. Oxford has called plaintiff numerous times in connection with collection of a debt. Any such debt would have been incurred for personal, family or household purposes.

9. On December 30, 2009, plaintiff sent Oxford a one-page fax to fax number 772-465-8421.

10. The phone number 772-465-8421 is listed as Oxford's fax number on its website. Upon information and belief, based upon the fact that this number is posted as Oxford's fax number on its website, this number is, in fact, a correct fax number for Oxford.

11. Upon information and belief, based upon the fax confirmation that plaintiff received from her fax machine, Oxford received this fax.

12. The fax disputes the alleged debt, and also states:

**please take notice that any calls to my cell phone at [redacted] are inconvenient. As such, please refrain from placing such calls.**

13.     Despite this instruction Oxford called plaintiff numerous times after December 30, 2009, including at least on January 4, 5, 6, 7, 8 (twice), 11, and 12, 2010.  Some or all of these telephone calls were made using an autodialer and/or prerecorded message.

14.     On the first call on January 8, 2010, plaintiff answered the call and heard an automatic voice message.  The voice message attempted to confirm that she was the proper person to receive the telephone call.  Plaintiff confirmed that she was by remaining on the line.

15.     After plaintiff confirmed that she was the proper recipient of the call, Oxford's message asked her to wait to speak with a representative.  However, even after waiting for several seconds, no operator was available.

16.     Oxford's prerecorded message then instructed plaintiff to call Oxford back.

17.     The calls from Oxford came from two different caller identification numbers: 570-955-1839 and 732-941-0140.

18.     Upon information and belief, based upon an internet search for these telephone numbers and review of Oxford collection letters and website, Oxford does not hold either of these numbers out as a number where it may be contacted.

19.     Oxford's telephone number as posted on its website is 877-380-8541 and as posted on some collection letters is 877-419-2738.

20.     Plaintiff did not know from whom the calls were being placed because she did not recognize the caller ID.  Plaintiff might have recognized the caller ID if Oxford had used one of the two toll-free numbers as the caller ID.

3

21. Oxford's use of caller ID numbers different from its primary numbers conceals the purpose of the call from the intended recipient, thus tricking the recipient into answering a call from a debt collector and using minutes on her plan. Had Oxford used its primary numbers as its caller ID, plaintiff would likely not have answered some of the calls. This is particularly true because plaintiff has a limited minute plan for her cell phone, and is charged minutes on her plan for incoming calls.

## COUNT I - FDCPA - CLASS COUNT

22. Plaintiff incorporates all previous paragraphs.

23. The FDCPA, 15 U.S.C. § 1692d prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692f prohibits collectors from engaging in "unfair or unconscionable means to collect or attempt to collect any debt."

24. Calling a debtor to ask the debtor to call back is harassing, oppressive, unfair, unconscionable and violates the FDCPA section 1692d.

## CLASS ALLEGATIONS

25. Plaintiff brings Count I on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(3). The class is defined as:

> **All persons with Illinois addresses (a) to whom Oxford made any call within four months of filing of this complaint, (b) using a prerecorded message (c) where the recipient of the call remained on the line in order to speak with a representative, and (d) the call terminated before an Oxford representative came onto the line.**

26. Upon information and belief, there are more than 50 members of the proposed class; sufficient to satisfy the numerosity requirement.

4

27. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether calling a debtor, asking her to wait to talk to a representative, and then not making a representative available is a violation of the FDCPA; and

    b. Damages.

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

29. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

30. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

31. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would

5

likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

32. The identity of the class is likely identifiable from defendant's records, or through the records of third party companies through which defendant makes the illegal calls.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages;

    b. A declaration that defendant's conduct violated the FDCPA;

    c. Attorney's fees and costs; and

    d. Any other relief the court deems proper.

**COUNT II – Telephone Consumer Protection Act – Individual Claim - Strict Liability**

34. Plaintiff incorporates all previous paragraphs.

35. The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA, §227(b)(A)(iii).

36. Defendant Oxford made multiple telephone calls to plaintiff's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and against defendant for:

    a. Statutory damages of $500 per violation;

6

    b.    A declaration that defendant's conduct violated the TCPA;

    c.    Costs of suit; and

    d.    Any other relief the court deems proper.

### COUNT III - TCPA Willful Violation -- Individual Claim

37.    Plaintiff incorporates all previous paragraphs of this complaint.

38.    Oxford's violations of the TCPA were willful.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and against defendant for:

    a.    Statutory damages of up to $1,500 per violation;

    b.    A declaration that defendant's conduct violated the TCPA;

    c.    Costs of suit; and

    d.    Any other relief the court deems proper.

### COUNT IV - TCPA - Injunctive Relief

39.    Plaintiff incorporates all paragraphs of this complaint.

40.    The TCPA permits a plaintiff to obtain injunctive relief.

41.    Plaintiff requests that the Court enjoin Oxford from calling her on her cell phone using an autodialer or prerecorded message, and requests corresponding declaratory relief.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

    a.    A declaration that defendant's conduct violated the TCPA;

    b.    An injunction prohibiting future violations;

    c.    Costs of suit;

    d.    Any other relief the Court deems proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, recordings, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party in association with any account, call, message or file associated with plaintiff or the putative class members. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke