**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAHAM AHMED | ) | |
| | ) | |
| Plaintiff, | ) | Judge Pallmeyer |
| | ) | |
| -vs- | ) | Case No.: 10 C 1938 |
| | ) | |
| OXFORD COLLECTION AGENCY, INC. | ) | Magistrate Schenkier |
| | ) | |
| Defendant. | ) | |

**OXFORD'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES defendant Oxford Collection Agency, Inc. (Oxford) by and through undersigned counsel, and for its answer to plaintiff's complaint, states as follows:

1. Plaintiff Maham Ahmed brings this action to secure redress for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The FDCPA claim is brought on behalf of a class.

**Answer: Oxford admits that plaintiff purports to bring an action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA) and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), but denies any liability, violations, and wrongdoing under the law and further denies that this action meets the requirements of Federal Rule of Civil Procedure 23.**

2. The defendant debt collection agency called plaintiff using an autodialer and prerecorded message on plaintiff's cell phone when it did not have plaintiff's consent to do so. Further, defendant's prerecorded message system did not have an operator available to speak with plaintiff for some autodialed/prerecorded calls that plaintiff answered, and left plaintiff with a message to call Oxford back.

**Answer: Oxford denies the allegations of ¶ 2.**

3. It is a violation of the TCPA, 47 U.S.C. § 227(b), to use an autodialer and/or prerecorded message to call a person's cell phone. It is unfair, harassing and otherwise unconscionable for a debt collector to initiate a call to a consumer with an autodialer and prerecorded message that instructs the debtor to wait to speak with an operator, when no operator is or becomes available.

**Answer: Paragraph 3 contains no allegations directed at Oxford and is a conclusion of law to which no answer is otherwise required. To the extent any allegations are stated against Oxford, and to the extent an answer is required, Oxford denies the allegations of ¶ 3.**

4. This Court has federal question subject matter jurisdiction over the FDCPA and TCPA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

**Answer: Oxford admits the allegations of ¶ 4 for jurisdictional purposes only.**

5. Venue is proper because a substantial portion of the events complained of occurred in this District.

**Answer: Oxford admits the allegations of ¶ 5 for venue purposes only.**

6. Maham Ahmed is an individual who resides in this district.

**Answer:    Oxford is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 6, which as the effect of a denial.**

7. Oxford Collection Agency, Inc. d/b/a Oxford Management Services ("Oxford") is  New York Corporation with its headquarters in Melville, New York.  It is a debt collector under the FDCPA.

**Answer:    Oxford admits that it is a New York corporation with its headquarters in Melville, New York. Oxford also admits only that its actions may be subject to certain provisions of the FDCPA when it acts as a debt collector as defined in 15 U.S.C. 1692a(6).  Except as specifically admitted, the allegations of ¶ 7 are denied.**

8. Oxford has called plaintiff numerous times in connection with collection of a debt.  Any such debt would have been incurred for personal, family or household purposes.

**Answer:    Oxford is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 8, which as the effect of a denial.**

9. On December 30, 2009, plaintiff sent Oxford a one-page fax to fax number 772-465-8421.

**Answer:    Oxford denies the allegations of ¶ 9.**

10. The phone number 772-465-8421 is listed as Oxford's fax number on its website.  Upon information and belief, based upon the fact that this number is

posted as Oxfords fax number on its website, this number is, in fact, a correct fax number for Oxford.

**Answer:    Oxford admits the allegations of ¶ 10 upon information and belief.**

11.    Upon information and belief, based upon the fax confirmation that plaintiff received from her fax machine, Oxford received this fax.

**Answer:    Oxford admits only that it received a fax from plaintiff on or about January 11, 2010.**

12.    The fax disputes the alleged debt, and also states:

> Please take notice that any calls to my cell phone at [redacted] are inconvenient.  As such, please refrain from placing such calls.

**Answer:    Oxford admits only that it received a fax from plaintiff on or about January 11, 2010.  Oxford is without sufficient information to admit or deny the remaining allegations of ¶ 12, which has the effect of a denial.**

13.    Despite this instruction Oxford called plaintiff numerous times after December 30, 2009, including at least on January 4, 5, 6, 7, 8 (twice), 11, and 12, 2010. Some or all of these telephone calls were made using an autodialer and/or prerecorded message.

**Answer:    Oxford admits only that it called plaintiff on January 5, 2010 and January 8, 2010.  Except as specifically admitted, Oxford denies the allegations of ¶ 13.**

14. On the first call on January 8, 2010, plaintiff answered the call and heard an automatic voice message. The voice message attempted to confirm that she was the proper person to receive the telephone call. Plaintiff confirmed that she was by remaining on the line.

**Answer:    Oxford is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 14, which as the effect of a denial.**

15. After plaintiff confirmed that she was the proper recipient of the call, Oxford's message asked her to wait to speak with a representative. However, even after waiting for several second, no operator was available.

**Answer:    Oxford is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 15, which as the effect of a denial.**

16. Oxford's prerecorded message then instructed plaintiff to call Oxford back.

**Answer:    Oxford is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 16, which as the effect of a denial.**

17. The calls from Oxford came from two different caller identification numbers: 570-955-1839 and 732-941-0140.

**Answer:    Oxford is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 17, which as the effect of a denial.**

18. Upon information and belief, based upon an internet search for these telephone numbers and review of Oxford collection letters and website, Oxford does not hold either of these numbers out as a number where it may be contacted.

**Answer:    Oxford is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 18, which as the effect of a denial.**

19.    Oxford's telephone number as posted on its website is 877-380-8541 and as posted on some collection letters is 877-419-2738.

**Answer:    Oxford admits the allegations of ¶ 19 upon information and belief.**

20.    Plaintiff did not know from whom the calls were being placed because she did not recognize the caller ID.  Plaintiff might have recognized the caller ID if Oxford had used one of the two toll-free numbers as the caller ID.

**Answer:    Oxford is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 20, which as the effect of a denial.**

21.    Oxford's use of Caller ID numbers different from its primary numbers conceals the purpose of the call from the intended recipient, thus tricking the recipient into answering a call from a debt collector and using minutes on her plan.  Had Oxford used its primary numbers as its caller ID, plaintiff would likely not have answered some of the calls.  This is particularly true because plaintiff has a limited minute plan for her cell phone, and is charged minutes on her plan for incoming calls.

**Answer:    Oxford denies the allegations of ¶ 21.**

## COUNT I

22.    Plaintiff incorporates all previous paragraphs.

**Answer: Oxford re-alleges and re-avers its Answer to ¶¶ 1-21.**

23.    The FDCPA, 15 U.S.C. § 1692d prohibits debt collectors from engaging in

"any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692f prohibits collectors from engaging in "unfair or unconscionable means to collect or attempt to collect any debt."

**Answer:     Paragraph 23 contains no allegations directed at Oxford and is a conclusion of law to which no answer is otherwise required. To the extent any allegations are stated against Oxford, to the extent that plaintiff's allegations derogate from the language of the statute, and to the extent an answer is required, Oxford denies the allegations of ¶ 23.**

24.    Calling a debtor to ask the debtor to call back is harassing, oppressive, unfair, unconscionable and violates the FDCPA section 1692d.

**Answer:     Oxford denies the allegations of ¶ 24.**

## CLASS ALLEGATIONS

25.    Plaintiff brings Count 1 on behalf of a class pursuant to Fed.R.Civ.P.23(b)(3). The class is defined as:

> All persons with Illinois addresses (a) to whom Oxford made any calls within four months of filing this complaint, (b) using a prerecorded message (c) where the recipient of the call remained on the line in order to speak with a representative, and (d) the call terminated before an Oxford representative came onto the line.

**Answer:     Oxford admits that plaintiff purports to bring this action as a class action, but denies that this action or plaintiff's proposed class definition meets the requirements of Fed. R. Civ. P. 23.**

26.    Upon information and belief, there are more than 50 members of the proposed class; sufficient to satisfy the numerosity requirement.

**Answer:  Oxford denies the allegations of ¶ 26.**

27. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether calling a debtor, asking her to wait to talk to a representative and then not making a representative available is a violation of the FDCPA.

    b. Damages.

**Answer:    Oxford denies the allegations of ¶ 27.**

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**Answer:    Oxford denies the allegations of ¶ 28.**

29. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**Answer:    Oxford denies the allegations of ¶ 29.**

30. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**Answer:** **Oxford denies the allegations of ¶ 30.**

31. Defendant has acted on ground generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**Answer:** **Oxford denies the allegations of ¶31.**

32. The identity of the class is likely identifiable from defendant's records, or through records of third party companies through which defendant makes the illegal calls.

**Answer:** **Oxford denies the allegations of ¶ 32.**

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**Answer:** **Oxford denies the allegations of ¶ 33.**

## COUNT II

34. Plaintiff incorporates all previous paragraphs.

**Answer:** **Oxford re-alleges and re-avers its Answer to ¶¶ 1-33.**

35. The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using

"any automatic telephone dialing system or an artificial prerecorded voice.' TCPA, § 227(b)(A)(iii).

**Answer:      Oxford denies the allegations of ¶ 35.**

36.     Defendant Oxford made multiple telephone calls to plaintiff's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

**Answer:      Oxford denies the allegations of ¶ 36.**

## COUNT III

37.     Plaintiff incorporates all previous paragraphs of this complaint.

**Answer:      Oxford re-alleges and re-avers its Answer to ¶¶ 1-36.**

38.     Oxford's violations of the TCPA were willful.

**Answer:      Oxford denies the allegations of ¶ 38.**

## COUNT IV

39.     Plaintiff incorporates all paragraphs of this complaint.

**Answer:      Oxford re-alleges and re-avers its Answer to ¶¶ 1-38.**

40.     The TCPA permits a plaintiff to obtain injunctive relief.

**Answer:      Oxford denies the allegations of ¶ 40.**

41.     Plaintiff requests that the Court enjoin Oxford from calling her on her cell phone using an autodialer or prerecorded message, and requests corresponding declaratory relief.

**Answer:      Oxford denies the allegations of ¶ 41.**

AND NOW, in further Answer to the Complaint, Defendant Oxford avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against Oxford upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event Oxford is found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

One or more of the counts in the Complaint are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Any violation that may have occurred in this case, or any loss, injury, damage or detriment suffered by plaintiff, was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by Oxford.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's proposed class definition fails to comply with Federal Rule of Civil Procedure 23, and this action is not otherwise proper for class action certification.

WHEREFORE, Defendant Oxford respectfully requests that this answer be deemed good and sufficient, plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's costs, pursuant to Federal and State law, plaintiff be ordered to pay reasonable attorney's fees and costs for Oxford, and for all other general and equitable relief.

Respectfully submitted,

/s/ James K. Schultz
Attorney for Defendant Oxford

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
55 West Monroe Street, Suite 1120
Chicago, Illinois 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail:  jschultz@ sessions-law.biz
Attorney for Defendant Oxford Collection Agency, Inc.

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of June, 2010, a copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

> Alexander H. Burke
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 732
> Chicago, IL 60601
> (312) 729-5288
> (312) 729-5289 (fax)
> ABurke@BurkeLawLLC.com

/s/ James K. Schultz
Attorney for Defendant Oxford